UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In re                                                (Chapter 11)

        33 W 127 LLC

                                     Case No. 10-16815

                              Debtor.

---------------------------------------------------------------- X

**ORDER (I) AUTHORIZING DEBTOR TO OBTAIN
POSTPETITION FINANCING PURSUANT TO SECTIONS 363 AND 364 OF
BANKRUPTCY CODE, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS
TO POSTPETITION LENDER PURSUANT TO SECTION 364 OF BANKRUPTCY
CODE, (III) PROVIDING ADEQUATE PROTECTION TO PREPETITION LENDER
PURSUANT TO SECTIONS 361, 362, 363 AND 364 OF BANKRUPTCY CODE AND
(IV) AUTHORIZING ASSUMPTION OF EXECUTORY CONTRACTS**

        27 W 133 LLC (the "Debtor") having filed a motion dated January 5, 2011 (the "Motion")

for authorization (A) under Section 364(c)(1) and (d)(1) of title 11 of the United States Code

(the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the Debtor to (i) obtain post-petition financing (the "Post-petition

Financing") in accordance with the DIP Loan and Security Agreement between the Debtor, as

borrower, and B&G COULIE LLC, as lender (the "Lender"), substantially in the form of

Exhibit "A" annexed to the Declaration of Gerald Migdol (the "Agreement"), (ii) grant to the

Lender pursuant to Section 364(c)(1) of the Bankruptcy Code, an administrative expense allowable

under Section 503(b) of the Bankruptcy Code having priority over any and all expenses and claims

specified in any other Section of the Bankruptcy Code, including without limitation,

Sections 503(b) and 507(b) of the Bankruptcy Code, subject only to the United States Trustee's

fees and (iii) pursuant to Section 364(d)(1) of the Bankruptcy Code, a continuing security

interest in and senior lien with first priority, in all of the Debtor's assets; and (B) pursuant to 11

U.S.C. §365(a), to assume the Debtor's contracts with Padma Contracting Corp and Tarantino

Consulting Corp.; notice of the Motion having been given to (a) the United States Trustee, (b) the Lender, (c) all creditors of the Debtor, and (d) all parties known by the Debtor to have liens on or security interests in the Debtor's assets; a hearing (the "Hearing") to consider the Motion having been held on January 19, 2011.

Now, upon the record of the Hearing, and after due deliberation, and good and sufficient cause appearing therefor, the Court hereby makes the following findings of fact and conclusions of law:

<u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

A)      The Debtor entered into a contract dated December 28, 2010 (the "Sale Contract") for the sale of its Building at a price sufficient to pay all of its creditors in full. The Debtor's principals are unrelated to the buyer.  The Sale Contract requires that the Debtor convert two apartments into a single duplex unit.

B)      Prior to the commencement of this case, the Debtor contracted with Padma Contracting Corp and Tarantino Consulting Corp to provide the services necessary to convert two apartments into a single duplex unit. The Debtor's principals are unrelated to either of these entities.

C)      The Debtor acknowledged, admited and confirmed the following as of the December 28, 2010 (the "Petition Date"):

(i)      Pursuant to that certain Mortgage and Security Agreement dated December 6, 2006 and related financing documents (the "Prepetition Financing Documents"), Amalgamated Bank (the "Prepetition Lender") made certain loans, advances and other financial accommodations, to the Debtor.

(ii)      Pursuant to the Prepetition Financing Documents, the Debtor was, as of the Petition Date, indebted to the Prepetition Lender for the aggregate principal amount of

the prepetition indebtedness of approximately $1,245,674.30.[1]

D)      An immediate need exists for the Debtor to obtain a loan to pay for services necessary to fulfill its commitments under the Sale Contract. Without such a loan, the Debtor will be unable to obtain necessary goods and services and the likelihood of a successful reorganization will be diminished.  Entry of this Order and approval of the Post-petition Financing will benefit the Debtor and its estate. The Debtor further represented that its projected monthly operating expenses are as listed in exhibit A annexed hereto.

E)      The Debtor has represented to the Court that it is unable to obtain an adequate unsecured loan allowable under Section 503(b)(1) of the Bankruptcy Code, merely as an administrative expense pursuant to Section 364(b) of the Bankruptcy Code or on terms less onerous than under the Agreement. The Lender has conditioned the financing upon, *inter alia,* the grant of (i) a superpriority administrative expense allowable under Section 503(b) of the Bankruptcy Code, in accordance with Section 364(c)(1) of the Bankruptcy Code and (ii) a continuing first-priority security interest in and senior lien on the Debtor's building in accordance with Section 364(d)(1) of the Bankruptcy Code, subject only to the United States Trustee's administrative fees.

F)      The Lender has consented to the terms and conditions contained in this Order.

G)      The consent of the Prepetition Lender to the priming of their Prepetition Liens by the Postpetition Liens (as hereinafter defined) is limited to such priming occurring pursuant to the Agreement, with the Lender, and shall not extend to any other postpetition financing or to any modified version of the Agreement.

H)      The Prepetition Lender acknowledges that the value of its collateral exceeds the amount legally due to it from the Debtor (the "Indebtedness") as of the Petition Date.

---

[1]      This amount is without prejudice to (i) the Prepetition Lender to seek, or file a claim for, interest, costs, fees, or expenses under the Prepetition Financing Documents in addition to this amount or (ii) the Debtor to dispute or defend against such claims or seek an offset or counterclaim against the Prepetition Lender.

I)      The Debtor's assumption of the agreements with Padma Contracting Corp and Tarantino Consulting Corp. is in the best interests of the Debtor's estate.

J)      There were no objections to this motion filed and informal objections to the entry of this Order are resolved as set forth herein.

Now, therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over this case and the parties and property affected hereby pursuant to 28 U.S.C. §§157(b) and 1334.  This is a "core" proceeding as defined in 28 U.S.C. §157(b)(2)(D).

2.      The Motion is GRANTED.

3.      The terms and conditions of the Agreement are hereby approved.

4.      The record in this case and findings of fact set forth above are incorporated herein.

5.      The Debtor is immediately authorized and empowered to borrow up to $80,000 for the purposes permitted under the Agreement and this Order and the monthly expenses listed in exhibit A annexed hereto.

6.      The Debtor is authorized and directed to do and perform all acts, to make, execute and deliver the Agreement, and to perform all of its obligations under this Order and the Agreement, without further Order of the Court.

7.      The obligations to the Lender shall have the status of superpriority administrative expenses, in accordance with Section 364(c)(1) of the Bankruptcy Code, over any and all administrative expenses, whether heretofore or hereafter incurred, subject and junior to: (a) United States Trustee fees and other amounts owing under 28 U.S.C. § 1930 and 31 U.S.C. § 3717; (b) the fees and expenses of a hypothetical Chapter 7 trustee in an amount not to exceed $5,000 (without altering the priorities set forth in 11 U.S.C. § 726).

8.      To secure repayment of the obligations to the Lender, the Lender is hereby granted, pursuant to Section 364(d)(1) of the Bankruptcy Code, a continuing first-priority security interest in and senior lien on all of the Debtor's assets (the "Postpetition Lien") ahead of the Prepetition Lien.

9.      Notwithstanding anything to the contrary contained herein, the Lender's superpriority claim, security interest and lien shall not extend to any avoidance and similar actions and claims of the Debtor arising under Sections 502(d), 544, 545, 547, 548, 550 and 551 of the Bankruptcy Code.

10.     The Lender shall not be required to file any financing statements, mortgages, notices of lien or similar instruments in any jurisdiction or filing office, or to take any other action in order to validate or perfect the liens and security interests granted by or pursuant to this Order or pursuant to the Agreement.

11.     Should the Lender in its sole discretion, from time to time, choose to file such financing statements, mortgages, notices of lien or similar instruments or take any other action to validate or perfect any such security interest, mortgage or lien, the Debtor and its officers are hereby directed to execute any such documents or instruments as the Lender shall reasonable request in accordance with the terms of the Agreement and all such documents and instruments shall be deemed to have been filed or recorded at the time and on the date of entry of this Order.

12.     The Prepetition Lender's consent to this order shall not be deemed to be an actual or implied consent to any costs or expenses of administration which have been or may be incurred in the cases at any time being charged against the Prepetition Collateral or the Prepetition Lender pursuant to Sections 105 or 506(c) of the Bankruptcy Code, or otherwise.

13.     The Prepetition Lender is hereby provided with the following forms of adequate protection (which the Prepetition Lender acknowledged is acceptable adequate protection):

(a)     To protect the Prepetition Lender against the diminution in value of the Prepetition Lender's collateral, the Prepetition Lender shall be entitled to replacement liens on all of the Postpetition Collateral (including the proceeds of any avoidance claims under chapter 5 of the Bankruptcy Code) (the "Adequate Protection Liens"), subject and junior only to the Postpetition Lien and any U.S. Trustee fees.  The Debtor represents it has not used any "cash collateral," as defined by section 363(a) of the Bankruptcy Code and including any and all prepetition and, subject to section 552 of the Bankruptcy Code, postpetition proceeds of the Prepetition Collateral ("Cash Collateral").  However, to the extent any Cash Collateral was used by the Debtor prior to the date hereof, but after the Petition Date, the adequate protection provided pursuant to this Order (including, without limitation, the Adequate Protection Liens) shall also apply to provide the Prepetition Lender with adequate protection against any diminution in its interests in use of the Prepetition Collateral prior to the date hereof.  Except as provided in this Order with respect to the Postpetition Liens, the Adequate Protection Liens shall not be subject to or *pari passu* with any Lien on the Postpetition Collateral by any order subsequently entered in the chapter 11 cases.

(b)     The Adequate Protection Liens granted pursuant to subparagraph (b) above shall be deemed to be perfected automatically upon entry of this Order, without the necessity of the filing of any UCC-1 financing statement, state or federal notice, mortgage or other similar instrument or document in any state or public record or office and without the necessity of taking possession or "control" (within the meaning of the Uniform Commercial Code) of any Postpetition Collateral.

(c)     The Debtor shall provide the Prepetition Lender with copies of all reports,

information and other materials delivered to the Lender pursuant to the Agreement and such other reports, information and materials as reasonably requested by such Prepetition Lender. The obligations of the Debtor to the Prepetition Lender pursuant to this subparagraph shall cease upon the repayment in full in cash of the Indebtedness.

(d)     The Debtor shall provide the Prepetition Lender with weekly status reports regarding the construction to be funded with the Loan.

(e)     Within five (5) business days of entry of this Order, the Debtors shall provide the Prepetition Lender with evidence of insurance which designates the Prepetition Lender as an "Additional Insured" party.

(f)     All of the Prepetition Lender's Cash Collateral shall be paid to the Prepetition Lender within five (5) business days of its receipt by the Debtor. The application of the Cash Collateral to the Indebtedness shall be determined by agreement of the parties or later court proceeding.

14.     Notwithstanding anything herein to the contrary, the entry of this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, or otherwise impair (a) any of the rights of the Prepetition Lender, the Debtor, a committee of unsecured creditors (the "Committee"), if appointed, or any receiver, administrator or trustee appointed or elected in any of the Cases or any successor case or in any jurisdiction, if appointed (collectively, the "Trustee"), under the Bankruptcy Code or under any non-bankruptcy law, including, without limitation, the Prepetition Lender's right to (i) request modification of the automatic stay of section 362 of the Bankruptcy Code, (ii) request dismissal of the chapter 11 case, conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or appointment of a chapter 11 trustee or examiner (including with expanded powers) or (iii) propose, subject to the

provisions of section 1121 of the Bankruptcy Code a chapter 11 plan or plans or the Debtor's, the Committee's (if appointed) or Trustee's (if appointed) right to (i) challenge the secured status of the Prepetition Lender or its alleged security interest or lien in any of the Debtor's property (ii) object to any amount claimed to be due by the Prepetition Lender or (iii) whether the Prepetition Lender has acted in good faith in prepetition or postpetition negotiations with the Debtor, or (b) any other rights, claims or privileges (whether legal, equitable or otherwise) of the Prepetition Lender or the Debtor.  Nothing in this Order confers standing on any party to file or prosecute such claims or precludes the Prepetition Lender from seeking allowance of all or any portion of the Indebtedness.

15.     Notwithstanding anything herein to the contrary, this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of the Prepetition Lender to seek additional adequate protection at any time.

16.     In the event of any irreconcilable inconsistency between this Order and the Agreement, the terms of this Order shall govern and control.

17.     The Debtor is authorized to assume the contracts of Padma Contracting Corp and Tarantino Consulting Corp.

18.     The Court has and will retain jurisdiction to enforce this Order according to its terms.


Dated: New York, New York
          January 19, 2011


                              /s/Shelley C. Chapman_____ _
                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

## PROJECTED MONTHLY EXPENSES

| | |
|---|---|
| Water and Sewer | $130.00 |
| Super | $70.00 |
| Electric | $50.00 |
| Insurance | $300.00 |
| Mngmt/acctng | $476.00 |

13301664.6